RECEIVED
OCT 14 2003

DEC 0 2 2003

FILED
2003 DEC 10 A 8:17

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT KALMAN | : | CIVIL NO. 3:02-CV-2052 (JCH) |
| VS. | : | |
| ALEXANDER CARRE, M.D., JAMES CASSIDY, M.D., SEAN HART, M.D., SUSAN MCKINLEY | : | MAY 21, 2003 |

### RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed:        November 19, 2002
Amended Complaint Filed:  April 19, 2003

Date Complaint Served:        December 22, 2002 (Dr. Hart); December 23, 2002 (Mrs. McKinley); December 24, 2002 (Dr. Carre); and January 2, 2003 (Dr. Cassidy).

Date of Defendant's Appearance:   February 3, 2003 (official capacity); April 24, 2003 (individual capacity).

Pursuant to Fed. R. Civ. P 16(b), 26(f) and D. Conn. L. Civ. R. 38, a conference was held on April 23, 2003, and other dates. The participants were:

Robert Kalman, Plaintiff, pro se.

Peter Brown, Esq. for the defendants.

I. **CERTIFICATION**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II. **JURISDICTION**

A.   SUBJECT MATTER JURISDICTION

The plaintiff asserts that the basis for the court's subject matter jurisdiction is 28 U.S.C. Sections 1331(a) and 1343, Title II of the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act.

B.   PERSONAL JURISDICTION

Personal jurisdiction is not contested.

III. **BRIEF DESCRIPTION OF THE CASE**

A.   CLAIMS OF PLAINTIFF

B.  DEFENSES AND CLAIMS OF DEFENDANTS

The **defendants assert** that the Court lacks jurisdiction over the subject matter of this action, as the plaintiff has failed to state a claim upon which relief may be granted. Further, the defendants asserts that Eleventh Amendment immunity bars issuance of retrospective declaratory judgment or injunctive relief concerning past conduct. Therefore, as regards the allegations against the defendants in their official capacity, the action is barred by the Eleventh Amendment. Further, the defendants assert that they have not waived their sovereign immunity from suit in this action.

## IV. STATEMENT OF UNDISPUTED FACTS.

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. The plaintiff was acquitted on October 30, 2001 on the grounds of mental disease or defect on the charges of Illegal Possession of Explosives, Risk of Injury (two counts) and Failure to Appear first degree. The plaintiff was committed to the Department of Mental Health & Addiction Services at the Whiting Forensic Division of Connecticut Valley Hospital ("CVH") in order to proceed with his evaluation as mandated by Conn. Gen. Stat. § 17a-582.

2. On March 15, 2002, the defendants submitted a report to the Court pursuant to § 17a-582.

3. In said report, the defendants concluded that the plaintiff presented a danger to the public if released. The defendants also recommended that the plaintiff be returned for placement at the maximum-security setting of the Whiting Forensic Division of CVH after a ruling by the Court.

## V. CASE MANAGEMENT PLAN

### A. Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

(1) The Defendants request an enlargement of time to complete discovery. The plaintiff recently amended his complaint in this matter, adding a count under the Americans with Disabilities Act. Defendants need additional time to conduct discovery regarding the grounds upon which plaintiff pleads a violation of the Act. The defendants request until October 15, 2003 to complete discovery in this case.

B. **Scheduling Conference with the Court**

The Defendants do not request a pre-trial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C. **Early Settlement Conference**

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The defendants do not request an early settlement conference.

3. The defendants do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

D. **Joinder of Parties and Amendment of Pleadings**

### E. Discovery

1. The defendants anticipate that discovery will be needed on the following subjects: the facts and circumstances surrounding the defendants' alleged violations of the Americans with Disabilities Act, as well as the Rehabilitation Act.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4) will be commenced by May 30, 2003 and be completed by October 15, 2003.

3. Discovery will not be conducted in phases.

4. The parties anticipate that the plaintiff will require a total of _____ depositions of fact witnesses and that the defendants will require a total of five depositions. The depositions will commence by May 30, 2003 and be completed by October 15, 2003.

5. The defendants will not seek permission to serve more than twenty-five (25) interrogatories.

6. The defendants intend to call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26 (a)(2) by a date not later than one (1) month before the deadline for completing all discovery. Depositions of such experts will be completed by a date not later than the discovery cutoff date.

7. A damages analysis will be provided by any party who has a claim or counterclaim for damages by August 15, 2003.

### F. Dispositive Motions
Dispositive motions will be filed on or before August 15, 2003.

### G. Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by February 1, 2004.

## VI.    TRIAL READINESS

It is the position of the defendants that this case can be ready for trial in March 2004.

As the undersigned pro se plaintiff and the undersigned counsel for the defendants (an officer of the Court), we agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFF,

By_____
Robert Kalman, Pro Se
Whiting Forensic Division
Connecticut Valley Hospital
70 O'Brien Drive
Middletown, CT  06457
(860) 346-9408


DEFENDANTS,

By_____
Peter L. Brown, Esq.
Assistant Attorney General
55 Elm Street,  P.O. Box 120
Hartford, CT  06141-0120
Tel:  860-808-5210
Fax:  860-808-5385
Fed. Bar No. ct12132

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, this 21st day of May, 2003, to all counsel and pro se parties of record as follows:

Robert Kalman
Whiting Forensic Division
Connecticut Valley Hospital
70 O'Brien Drive
Middletown, CT 06457

_____
Peter L. Brown
Assistant Attorney General

## CERTIFICATION

I hereby certify that a copy of the forgoing <u>Rule 26(f) Report of Parties' Planing Meeting,</u> was mailed in accordance with Rule 5 (b) of the Federal Rules of Civil Procedure on this 25th, day of November 2003 to:

Richard J. Lynch
Assistant Attorney General

Peter L. Brown
Assistant Attorney General
55 Elm Street, P. O. Box 120
Hartford, CT 06141 – 0120

*[signature]*
Robert Kalman, Pro se,

3:02 cv 2052 (JCH)

Robert Kalman
P.O. Box 70 O'Brien
Middletown, CT 06457