UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT KALMAN, PRO SE | : | CIVIL ACTION NO. 3:02 CV 02052 (JCH) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| ALEXANDRE CARRE, M.D, | | |
| JAMES CASSIDY, Ph.D, SEAN HART, | | |
| Psy.D., SUSAN MCKINLEY, LCSW | : | |
| *Defendants* | | MARCH  16, 2004 |

### DEFENDANTS' LOCAL RULE 56 (a)(1) STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1.   On October 30, 2001, the plaintiff, Robert Kalman, was found not guilty by reason of mental disease or defect of the crimes of Illegal Possession of Explosives, Risk of Injury (two counts) and Failure to Appear, First Degree, pursuant to Conn. Gen. Stat. § 53a-13 (Affidavit of Brayman, March dated March 16, 2002, Exhibit A; also Report to the Court, March 15, 2002, marked as Exhibit B).

2.   The plaintiff was committed to the custody of the State of Connecticut, Department of Mental Health & Addiction Services ("DMHAS"), at the Whiting Forensic Division of Connecticut Valley Hospital in order to proceed with an evaluation of the plaintiff regarding his mental status, pursuant to Conn. Gen. Stat. § 17a-582 (Exhibit B).

3.   Pursuant to subsection (b) of Conn. Gen. Stat. § 17a-582, an examination of the plaintiff was conducted regarding the plaintiff's mental status (Exhibit B).

4.   On or about March 15, 2002,  a report was written and submitted to the Court in accordance with § 17a-582, setting forth DMHAS' findings and conclusions as to whether the plaintiff was a person who should be discharged (Exhibit B).

5.   The defendants are Alexandre Carre, M.D., attending psychiatrist; Sean Hart, Psy.D (who

signed for Dr. Marc Hillibrand); Susan McKinley, LCSW; and James J. Cassidy, J.D., Ph.D, Director of Whiting Forensic Institute (Amended Complaint).

    6. The defendants signed and submitted the above report to the Court. The report consisted of an evaluation of the plaintiff's social/developmental history; medical history; family history; past psychiatric history; legal history; history of violent behavior; summary of previous evaluation; assessments; formulation; and conclusion (Exhibit B).

    7. The defendants were assigned to the Diagnostic Evaluation Team, which was responsible for evaluating acquittees assigned to Unit #3 of Whiting Forensic Division to determine whether they should be committed to the jurisdiction of the PSRB and, if so, to what level of confinement (Affidavits of Carre, Cassidy, Hart and McKinley, Exhibits P, Q, R and S).

    8. In the report, the defendants recommended that the plaintiff be committed to the jurisdiction of the PSRB and that he be confined under conditions of maximum security (Exhibit B).

    9. The report was submitted to the Court on or about March 15, 2002 (Exhibit B).

    10. The Court held a hearing in September of 2002 to consider the report (Transcript of Hearing Before the Honorable Lubbie Harper, Jr., September 26, 2002, hereinafter Exhibit J).

    11. The Court (Harper, J.) ordered that the plaintiff be committed to the jurisdiction of the PSRB at the maximum security setting of the Whiting Forensic Division of Connecticut Valley Hospital for a period not to exceed thirty-five years (Exhibit J).

    12. The plaintiff filed an appeal with regard to the Court's order of commitment, pursuant to Conn. Gen. Stat. § 17a-582(g) (See Appellant's Brief, hereinafter Exhibit K).

13. On January 10, 2003, the PSRB held an initial hearing pursuant to Conn. Gen. Stat. § 17a-583 to review the commitment of the plaintiff to the PSRB's jurisdiction (Memorandum of Decision, dated February 21, 2003, hereinafter Exhibit C).

14. The plaintiff was represented by counsel at the hearing, and was provided an opportunity to cross-examine witnesses (Exhibit C).

15. Based upon the hearing, the Board ordered that the plaintiff remain confined under conditions of maximum security at Whiting Forensic Institute on the grounds of Connecticut Valley Hospital (Exhibit C).

16. The plaintiff appealed the order of the Board pursuant to Conn. Gen. Stat. § 17a-597 (copy of the plaintiff's pending administrative appeal attached as Exhibit L).

17. Pursuant to Conn. Gen. Stat. § 17a-586, a report was submitted to the Board regarding the mental status of the plaintiff (A copy of the report, dated July 25, 2003, is marked as Exhibit D).

18. Dr. Rathi stated that it was the unanimous opinion of the treatment team that the plaintiff remain in the current setting of the Whiting Forensic Division of Connecticut Valley Hospital (Exhibit D).

19. On September 20, 2003, the plaintiff filed an application to reopen a hearing for reconsideration by the PSRB of its decision to confine the plaintiff to conditions of maximum security and an application for conditional release, pursuant to Conn. Gen. Stat. § 17a-588 (Exhibit E).

20. Dr. Rathi submitted a report to the PSRB, dated Ocober 23, 2003, regarding the plaintiff's application for condition release (Exhibit F).

21. Dr. Rathi opined that the plaintiff was not ready for conditional release into

the community at the present time and that it was recommended that the plaintiff remain confined at Whiting while the hospital proceeded with consideration of a recommendation that he be transferred to the less restrictive setting at Dutcher Hall, also located on the Connecticut Valley Hospital campus. The plaintiff's application for reconsideration was denied by the Board on October 6, 2003 (See Exhibit E).

    22. On November 13, 2003, a report was submitted to the Board by Dr. Rathi pursuant to Conn. Gen. Stat. § 17a-599. Dr. Rathi opined that the plaintiff cannot be adequately controlled with available supervision on conditional release from the hospital, or be discharged from the jurisdiction of the PSRB as he would constitute a danger to himself or others. It was recommended that the Board consider the plaintiff to be an appropriate candidate for transfer to the enhanced security setting of the Dutcher service of the Whiting Forensic Division of Connecticut Valley Hospital (Exhibit G).

    23. A hearing regarding the plaintiff's application for conditional release, as well as a newly filed application for discharge, is scheduled for March 19, 2004 (Exhibit I).

                                                          DEFENDANTS

                                                          ALEXANDRE CARRE, M.D.,
                                                          SEAN HART, Psy.D,
                                                          JAMES CASSIDY, JD, Ph.D,
                                                          SUSAN MCKINLEY, LCSW

                                                          RICHARD BLUMENTHAL
                                                          ATTORNEY GENERAL

                     BY:      _____
                                                          Peter L. Brown
                                                          Assistant Attorney General
                                                          Federal Bar No. ct. 12132
                                                          55 Elm Street
                                                          Hartford, CT 06141-0120
                                                          Tel.: (860) 808-5210
                                                          Fax: (860) 808-5385
                                                          Peter.Brown@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Local Rule 9(c)(1) Statement was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 16th day of March, 2004, first class postage prepaid to:

Robert Kalman
Whiting Forensic Institute
70 O'Brien Drive
Middletown, CT 06457

_____
Peter L. Brown
Assistant Attorney General

Case 3:02-cv-02052-JCH   Document 37   Filed 03/24/2004   Page 6 of 8

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:
_____
___   _____ Assistant
Federal Bar No.
55 Elm Street
P.O. Box 120
Hartford, CT  06141-0120
Tel: (860) 808-5210
Fax: (860) 808-5385

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Title was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this DAY day of MONTH , 2002, first class postage prepaid to:

Certified To
Certified To

_____

Assistant Attorney General