UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT KALMAN, | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:02-CV-2052 (JCH) |
| v. | : | |
| | : | |
| ALEXANDER CARRE, ET AL., | : | JULY 29, 2004 |
| Defendants. | : | |

**NOTICE TO PRO SE LITIGANT**

On March 16, 2004, the defendants filed a Motion for Summary Judgment [Dkt. No. 36]. On April 1, 2004, the plaintiff, Robert Kalman, filed a motion for extension of time for 30 days in which to respond to the Motion For Summary Judgment [Dkt. No. 40], which the court granted. [Dkt. No. 41]. To date, Kalman has not filed an opposition to the Motion for Summary Judgment.

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgement as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000). Once the moving party has met its burden, in order to defeat the motion the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," Anderson, 477 U.S. at 255, and present such evidence as would allow a jury to find in his favor. Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

The court hereby gives notice to the pro se plaintiff that the plaintiff must

demonstrate to the court that material issues of fact exist such that granting summary judgment would not be appropriate. The plaintiff may not rely on conclusory allegations, from either his complaint or his motions. Kalman must present evidence to the court in the form of affidavits, deposition testimony, or records that substantiate his claim that the defendants failed to investigate his claims of harassment.

The plaintiff's memorandum with supporting evidence must be filed by **August 19, 2004**. The court reminds the plaintiff that any filing with the court must be served, by mail, at the same time upon defendants' counsel. If the plaintiff does not file such a memorandum, the defendants' motion will likely be granted, and the claims the defendants seek to have dismissed will likely be dismissed. See Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994) (court has obligation to make certain that pro se litigants are aware of the local rules and understand the consequences of the failure to comply with such rules).

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 29th day of July, 2004.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge