UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT



ROBERT KALMAN
        *Plaintiff,*                    CIVIL ACTION No. 3:02-CV-02052 (JCH)

v.

ALEXANDER CARRE, ET AL.,                      August 23, 2004
        *Defendants,*


DECLARATION IN SUPPORT OF THE REQUEST FOR EVIDENTIARY HEARING IN
OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT


Robert Kalman declares under penalty of perjury:


1.      I am the pro se plaintiff in the above entitled case.   I make this declaration in support of my

        request for oral argument and request for evidentiary hearing in opposition to defendants'

        motion for summary judgement.


2.      The defendants' affidavits claim, in summary, that they recommended my placement and

        confinement in maximum security due to my pattern of dangerous behaviors that is

        correlated with my prolonged history of substance abuse.


3.      The defendants' affidavits contradict the testimony provided by the first named defendant

        Alexander Carre, M.D.    As well, they contradict my clinical medical records from the

        diagnostic unit # 3 at Whiting.   Moreove,r The Honorable Court should take notice that

        Alexander Carre, M.D., fails to respond to the specific questions I asked in the

                                          1

interrogatories and he states "see the plaintiff's medical records." Attached to this declaration is a copy of the Interrogatories.

4.     My medical records support my claim now pending before The Honorable Court that the defendants abused the commitment process and fictitiously reported to the Honorable Superior Court in their report pursuant to Sec., 17a-582 of the General Statutes. The clinical records are written by the defendants as well as by other members of the Diagnostic Team at Unit # 3 at Whiting. Contrary to defendants' affidavits, the clinical record supports my claim that the defendants' recommendation is discriminatory in that it deprived me of a meaningful review under the principles of Due Process as required under the Fourteenth Amendment to the United States Constitution.

5.     Defendant Alexander Carre, M.D., in response to my first interrogatory, states that, he "....have no history of disciplinary action or investigation by any state or the federal government." The first named defendant has a history of, being investigated by state and federal agencies. (The first named defendant is the psychiatrist interviewed and subject of an investigation; see Affidavit Exhibit # 4, submitted by the plaintiff on August 17th, 2004.) The responses provided to the interrogatories further conflict with the plaintiff's medical records, as well as with testimony provided by Dr. Carre under oath.

6.     The testimony provided by defendant Carre states that I am an acquittee who is not mentally ill under the governing law.   Those findings do not establish that I pose a substantial risk

2

of physical harm to myself or others, as is required for an acquittee's involuntary commitment. The factual dispute is also material.  Under the governing law, do the actions and recommendations of the defendants violate  the Eighth Amendment, as they recommended me confined to a facility designated for individuals who are mentally ill and dangerous to the extent that they are (under the governing law), *"so violent as to require confinement under conditions of maximum security."*  I was confined in a facility with individuals that are gravely disabled  with mental conditions having  substantial effects on their  ability to control violent behavior, and they cannot be controlled under less restrictive conditions.

7.      The medical record written by the defendants, creates a genuine issue of material fact and therefore  I requested the evidentiary hearing and oral argument to present the evidence for The Court in support of my Memorandum in opposition to defendants motion for summary judgment.  If proved at trial,  the material facts will, entitle me to judgement.

Pursuant to 28 U.S.C., Sec., 1746, I declare under penalty of perjury that the forgoing is true and correct.

Robert Kalman
P.O. Box 351
Middletown, Connecticut, 06457

3

## CERTIFICATION OF THE SERVICE

I, Robert Kalman hereby certify that a true and attested copy of the forgoing Declaration and attached Exhibit, was served by First Class U.S. Mail, postage prepaid, in accordance with Rule 5(b)of the Federal Rules of Civil Procedure on this 23 rd , day of August 2004:

Peter L. Brown
Assistant Attorney General

Kerry A. Colson
Assistant Attorney General

P.O. Box 120
55 Elm Street
Middletown, Connecticut, 06141 - 120

August 23rd, 2004

Robert Kalman

4

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

ROBERT KALMAN             :      CIVIL ACTION NO.
       *PRO SE, PLAINTIFF,*        3:02cv2052 (JCH)
       **v.**                  :
ALEXANDER CARRE,
JAMES J. CASSIDY,            January 15, 2004
SEAN HART,               :
SUSAN MCKINLEY,
           DEFENDANTS,     :

## PLAINTIFF'S FIRST SET OF INTEROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

DEFENDANT ALEXANDER CARRE RESPONSES TO

The plaintiff Robert Kalman, pursuant the Federal Rules of Civil Procedure hereby serves the following first set of interrogatories and request for production of documents on the first named defendant Alexander Carre, M.D.

You're directed to answer each of the interrogatories in writing under oath, and produce each of the requested documents for inspection and copying, within 30 days after the service. If you refuse to answer any interrogatory in whole or in part, please describe the basis of your refusal to answer in sufficient detail so as to permit the Court to adjudicate the validity of the refusal. Please use additional pages as necessary to answer each question fully and completely. These interrogatories are continuing in nature and require supplemental responses to the extent permitted by the Federal Rules of Civil Procedure. Except where otherwise stated, these interrogatories request information spanning from 10/30/01 to the date of answers to these interrogatories. If any document

was destroyed about which these interrogatories ask, please identify the name of the person who ordered or authorized the destruction.

1. Please state the date you have first applied to be licensed as a forensic psychiatrist. It is further requested that you provide the following:

   a) if you have failed any licensing exams please state the dates and the state you had applied for the license;

   b) if your license to practice medicine was suspended for any reasons please state the date(s), and describe the reasons for such suspension;

   c) If you were subject to disciplinary action(s), or subject to any investigation(s), conducted by a State or Federal Agency, please state the title of the agency, the dates and reasons for such a disciplinary action(s), and/or investigation(s).

There is no such thing as a Forensic Psychiatry license. I received my medical licenses from Connecticut and New York in 1992. I have no history of suspended licenses in either state.I have no history of disciplinary action or investigation by any state or the federal government.

2. Please   state   your   professional   decision-making
responsibilities  as  an  agent  of  the  Department  of  Mental
Health  and  Addiction  Services  and  as  a  psychiatrist  with
regard  the  standard  of  care  owed  to  individuals  admitted  to
the diagnostic unit at Whiting Forensic Division of C.V.H.

I am employed by Connecticut Valley Hospital and I adhere to the
Hospital's by-laws regulating the standards of care.

3. State the primary diagnosis that you relied upon in determining that the plaintiff is mentally ill or mentally retarded to the extent that he constitutes an immediate danger to self or others and that he requires treatment no less-restrictive than hospitalization under conditions of maximum-security?

Please see the plaintiff's medical records from Connecticut Valley Hospital, including the report issued to the Court in 2002.

4. Is your professional opinion that plaintiff was insane on admission to Whiting on 10/30/01?

    Plaintiff suffered from a mental disease or defect on 10/30/01.

5. Please state the INTERNATIONAL CLASSIFICATION OF DISEASES, NINTH REVISION, CLINICAL MODIFICATION CODE (hereinafter, ICD-9-CM), you applied to plaintiff's in diagnosing him and please state the DSM-IV, disorders that follow the ICD-9CM, code?

> Please see the plaintiff's medical records, including the report filed with the Court in 2002.

6. Please state in accordance with the ICD-9CM, code under Axis I, and under Axis II, regarding the plaintiff's diagnosis what is your experience in treating individuals with such diagnosis?

> I consider myself proficient in establishing a psychiatric diagnosis.

7. Please identify the psychologist who performed the psychological testing on the plaintiff and specifically state the dates of such testing?

> Please see the plaintiff's medical records, including the report filed with the Court in 2002.

8. Please identify by name and title all members of the diagnostic-team, employed on unit # 3 on 10/30/01.

> Please see the plaintiff's medical records, including the report filed with the Court in 2002.

9. Please identify by name and title all the member(s), of the unit # 3, diagnostic team who had moved on to another position within C.V.H. from 10/30/01 and prior to 3/15/02. It is further requested that you identify by name and title of all new members appointed from 10/30/01 – 8/2/02, to the diagnostic unit # 3, please include the exact date(s) of the appointment(s) or resignation(s) of each individual agent(s) of the State of Connecticut Department of Mental Health and Addiction Services at Whiting Forensic.

Please see the plaintiff's medical records.

10. Please state the dates and times that the plaintiff engaged in serious attempts, gestures, or threats of suicide from 10/30/01 the date of his admission through his transfer to Unit 2 on 8/2/02.

Please see the plaintiff's medical records.

11. Please state the dates and times that the plaintiff engaged in violent behaviors or any serious threats to harm others from the date of his admission 10/30/01 to Whiting?

Please see the plaintiff's medical records.

12

12. Please state the dates and times that the plaintiff manifested signs and symptoms of gross confusion, disorientation, memory loss, and severe lack of judgement from 10/30/01 to his transfer to Unit 2 on 8/2/02?

    Please see the plaintiff's medical records.

13. Please state the dates and times that the plaintiff last manifested signs or symptoms of active and destructive hallucinations from 10/30/01 to his transfer to Unit 2 on 8/2/02?

Please see the plaintiff's medical records.

14. Is your professional opinion that the plaintiff was disabled and/or mentally ill to the extent that he could not be adequately controlled with available supervision and treatment on conditional release under the jurisdiction of Psychiatric Security Review Board?

While the plaintiff was on my unit, it is my opinion that he was mentally disabled/mentally ill to the extent that he could not be adequately controlled without available supervision and treatment while under the jurisdiction of the Psychiatric Security Review Board (PSRB). I cannot speak to the plaintiff's mental state since he left my unit.

15

15. It is requested that you state the psychotropic medication(s) that you have prescribed to the plaintiff?

    a) if you had discontinued any psychotropic medication that was prescribed to the plaintiff by a licensed psychiatrist state the name of the medication and the reasons you have discontinued the said medication(s);

    b) it is further requested that you identify to the best of your knowledge if plaintiff was ever non-compliant with prescribed psychotropic medication(s), and state the dates and identify the psychotropic medication that the plaintiff refused.

> Plaintiff's psychotropic medications were discontinued by me while he was a patient on Unit #3. I do not know what if any psychotropic medications he is on today.

1   16. Is your professional opinion that the plaintiff, as a

2     direct result of signs and symptoms of a psychiatric

3     disorder, is unable to:

4           a) work or attend school;

5           b) has experienced gross diminution in academic or

6              vocational performance;

7           c) is unable to carry out usual roles;

8           d) pursue and participate in recreational or social

9              activities;

10          e) his presence in a non-maximum-security setting

11             poses an immediate threat to the safety or well-

12             being of any other person, staff, patients.

At the time the plaintiff was on my unit, he was unable to perform any of the above. Further, at that time, his presence in a non-maximum security setting would have posed an immediate threat to the safety or well-being of other persons, staff or patients. I do not what the plaintiff's status is today.

17. State the names, titles, and duties of all doctors, officers or names of committee members who had responsibility to review and approve the report filed in accordance with Conn. Gen. Stat. Sec., 17a-582 and please produce the following documents. Production shall include but not be limited to the following:

  a) Statements of all witnesses, including those written or recorded statements of employees of the Whiting Forensic Division of Connecticut Valley Hospital that you considered in recommending the plaintiff confined under maximum-security conditions;

  b) All written memoranda's, all records, advice's and/or directives received from any official, employee of the State of Connecticut State's Attorney's Office, or any of its subdivision or agent(s), regarding the plaintiff and pertaining to the report filed pursuant to Conn. Gen. Stat. Sec., 17a-582 and during the pendency of this matter and from the date of admission 10/30/01 to Whiting Forensic of the plaintiff;

  c) All records, logs, etc., of calls to the Connecticut State's Attorney's Office, or any of its subdivision or agent(s), regarding the plaintiff and pertaining to the report filed pursuant to Conn. Gen. Stat. Sec., 17a-582 and during the pendency of this matter and from the date

of admission 10/30/01 to Whiting Forensic Division of the plaintiff;

d) All records of orders, memorandums or policy directives from the C. E. O. of the Connecticut Valley Hospital or the director's office of the Forensic Division or any oversight committee, (agency), within the Department of Mental Health and Addiction Services of the State of Connecticut, pertaining to the plaintiff from the date of his admission 10/30/01 and pertaining to the report filed pursuant to Conn. Gen. Stat. sec., 17a-582 and during the pendency of this matter;

e) All transcripts, mental health records including the results of mental status examinations that you reviewed and considered as evidence for recommending the plaintiff confined under maximum-security conditions at Whiting.

I am not in possession of any of the above documents

18. Please state the dates of any incidences that resulted in the necessity of the application of physical restraints on the plaintiff since the date of his admission to Whiting Forensic Division.

Please see the plaintiff's medical records.

19. Please state the procedures in effect at the Whiting Forensic Division of Connecticut Valley Hospital during the formulation of the report pursuant to Conn. Gen. Stat. Sec., 17a-582. If those procedures are set forth in any policy, directive, or any other document please produce the document.

> OBJECTION: the interrogatory is vague and ambiguous. Further, I am not in possession of any policies.

1   20. If you made a determination that it would be medically

2   harmful to place the plaintiff in a less restrictive setting

3   than a maximum-security setting, please state the facts that

4   you based your determination on.

5

6       Please see the plaintiff's medical records, including the report
        to the Court in 2002.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

21. Please describe your interactions with the plaintiff.

       I have no current interactions with the plaintiff, as he is no longer on my unit. However, while he was on my unit, I would describe my interaction with him as professional at all times.

22. It is further requested that you disclose any and all documents, reports or evidence from which you have concluded that the plaintiff is mentally ill or retarded to the extent that he requires treatment in no less restrictive than hospitalized under conditions of maximum-security at Whiting Forensic Institute. Please identify all persons who assisted you or were consulted in preparing your answer to this first set of interrogatories. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Plaintiff requests that the defendant produce the following:

a) Each and every document identified in, or used to respond to this

First set of plaintiff's interrogatories;

b) All such physical or scientific evidence to be clearly and separately identified.

The only documents regarding the above are the medical records of the plaintiff, including the 2002 report filed with the Court. No one, other than counsel, assisted me in preparing these responses.

THE PLAINTIFF

BY: _Robt Kalman_

Robert Kalman, Pro se,
70 O'Brien Drive
Middletown, CT 06457

24

## OATH

I, Alexander Carre defendant in the above-entitled case, hereby certify and say that the forgoing responses to the plaintiffs Interrogatories and Request for Production of Documents dated January 15, 2003 are true and accurate to the best of my knowledge.

_____
Alexander Carre, M.D.

State of Connecticut          )
                              ) ss.
County of _Middlesex_         )

Sworn to and subscribed before me this _18_ day of _FEBRUARY_, 2004.

_____
Notary Public/Commissioner
of Superior Court

**DAVID ERICKSON**
*NOTARY PUBLIC*
MY COMMISSION EXPIRES JUNE 30, 2006